IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
 : CASE NO. 5:12-cv-02425
ROBERT A. GREATHOUSE, :
 :
　　　　　　　　　　　Plaintiff : MEMORANDUM AND ORDER
 : ACCEPTING THE MAGISTRATE
　　　　　-vs- : JUDGE'S RECOMMENDATION AND
 : AFFIRMING THE COMMISSIONER'S
 : DECISION
COMMISSIONER OF SOCIAL :
SECURITY, :

　　　　　　　　　　　Defendant.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

　　　The plaintiff Robert A. Greathouse challenges the Commissioner of Social Security's decision denying him Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Pursuant to Local Rule 72.2(b)(1) this matter was automatically referred to United States Magistrate Judge James R. Knepp II for report and recommendation (R&R). On 27 September 2013, the Magistrate Judge issued an R&R recommending that the Commissioner's decision be affirmed. Mr. Greathouse now objects. For the reasons that follow, the objections are overruled, the recommendation is accepted, and the Commissioner's decision is affirmed.

**I. Applicable Standards**

This Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the Magistrate Judge's recommendations. Thomas v. Arn, 474 U.S. 140, 155 (1985); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir.1991). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir.1995).

In reviewing the denial of Social Security benefits, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Besaw v. Sec'y of Health & Human Servs., 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." McClanahan v. Comm'r of Soc. Sec., 474 F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)). Even if substantial evidence or indeed a preponderance of the evidence supports a claimant's position, the Court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 477 (6th Cir. 2003).

2

**II. Discussion**

During administrative proceedings, Mr. Greathouse sought benefits on the ground that he met Listing 12.05(C) – intellectual disability. To demonstrate intellectual disability, a claimant must satisfy four elements: (1) subaverage general intellectual functioning, (2) deficits in adaptive functioning, (3) initial manifestation of such deficits before age 22, and (4) one of the four criteria set forth in Listing 12.05 (A, B, C, or D). Hayes v. Comm'r of Soc. Sec., 357 F. App'x 672, 675 (6th Cir. 2009). The applicable criteria in this instance requires that the claimant have "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P, § 12.05.

In this instance, the plaintiff's objections center around whether his low I.Q. scores should be considered valid. In 1972, the plaintiff received a performance I.Q. score of 67 and a full scale I.Q. score of 69. In 2007, Mr. Greathouse obtained a verbal I.Q. score of 69, performance I.Q. score of 76, and a full scale I.Q. score of 70. The plaintiff also received several I.Q. scores that were above the qualifying range. The Magistrate Judge recognized the low intelligence scores but concluded that they were not valid for purposes of 12.05(C), because "both came with qualifying statements undermining their validity" and because the "low scores conflicted with numerous test scores Plaintiff received above the qualifying level." (Doc. 18, p. 12).

The plaintiff argues that the low scores are valid and that it was improper to reject them. Mr. Greathouse notes that administrator of the 1972 test characterized his scores as "somewhat depressed," but he did not explicitly deem them "invalid." As for the 2007

3

scores, Mr. Greathouse states that the consultative examiner did not invalidate the low scores; rather, it was the Administrative Law Judge who interpreted the low score as invalid. Mr. Greathouse also argues that little weight should be afforded to the test scores indicating a higher level of intelligence, because those scores are unreliable.

The plaintiff's objections have no merit. Assuming for the sake of argument that the low scores are valid, substantial evidence still supports the ALJ's conclusion, because the plaintiff is unable to otherwise meet the requirements of Listing 12.05. See Blanton v. Soc. Sec. Admin., 118 F.App'x 3, 7 (6th Cir. 2004) ("[T]wo IQ scores of 70, without more, does not satisfy the requirements of Listing 12.05(C)."). As noted by the Magistrate Judge, there is record evidence that Mr. Greathouse did not suffer from "subaverage intellectual functioning." The consultative examiner noted "borderline intellectual functioning" and only a mild impairment of plaintiff's cognitive function with respect to work-related activities. (Tr. 402). There is evidence that Mr. Greathouse's "memory for recent and remote events was intact"; that his "judgment and insight were fair"; that his "speech was relevant and coherent"; and that he had "average intellectual functioning." (Tr. 275). Other evidence showed that the plaintiff's "[t]hought content was normal"; that he showed "no evidence of grossly disorganized behavior on mental status or marked confusion"; and that Mr. Greathouse's ability to understand simple verbal directions was fair. (Tr. 413).

The Court rejects the plaintiff's argument that evidence of his poor academic performance should result in a reversal. While he claims this evidence supports a finding that he had "subaverage intellectual functioning," as noted above, even if substantial evidence supports a claimant's position, the Court cannot overturn the ALJ's

4

decision "so long as substantial evidence also supports the conclusion reached by the ALJ." Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 477 (6th Cir. 2003). Because there is substantial evidence to support the ALJ's finding that the plaintiff did not have "subaverage intellectual functioning," evidence of poor academic performance cannot serve as a basis for reversal.

Further, substantial evidence supports the conclusion that Mr. Greathouse did not have "deficits in adaptive functioning." This element "evaluates a claimant's effectiveness in areas such as social skills, communication skills, and daily-living skills." Hayes v. Comm'r of Soc. Sec., 357 Fed. Appx. 672, 677 (6th Cir 2009). As pointed out by the Magistrate Judge, the "[p]laintiff was able to prepare simple meals, use public transportation, drive, shop in stores, attend church services, act as an usher in church services, attend AA/NA meetings, and assemble model cars." (Doc. 18, p. 15). This evidence adequately supports the ALJ's decision. See Hayes, 357 Fed. Appx. at 677 (claimant who "cares for herself and her husband; cooks meals, does laundry, and shops; manages her finances; and takes public transportation" did not have adaptive-skills limitations).

The plaintiff's argument that Brown v. Sec'y of H.H.S, 948 F.2d 268 (6th Cir. 1991), demands a different outcome fails. That case held that an IQ score of 68 is not invalidated by a claimant's ability to use public transit, obtain a driver's license, visit with friends, make change at the grocery store, and do his own laundry, among other activities. Id. at 269-70. Brown's holding does not bear on whether the evidence supports the Administrative Law Judge's conclusion that the plaintiff did not have "deficits in adaptive functioning."

5

**III. Conclusion**

For the reasons stated above, the Magistrate Judge's recommendations are accepted, and the Commissioner's decision is affirmed.

IT IS SO ORDERED.

    /s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 14 February 2014